# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ELI LEROY COOPSHAW,

        Petitioner,                          Case Number: 4:07-CV-14761

v.                                               HONORABLE PAUL V. GADOLA

JERI-ANN SHERRY,

        Respondent.
        _____/

## ORDER OF SUMMARY DISMISSAL

Petitioner Eli Leroy Coopshaw is a state inmate currently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that he is incarcerated in violation of his constitutional rights. For the reasons which follow, the petition will be dismissed.

**I.**

Petitioner pleaded guilty in Lenawee County Circuit Court to assault with intent to rob while armed, resisting and assaulting a police officer, and second-degree home invasion. On February 3, 2006, he was sentenced to 375 to 750 months imprisonment for the assault with intent to rob conviction, 28 to 72 months imprisonment for the resisting and assaulting a police officer conviction, and 114 to 180 months for the home invasion conviction.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals challenging the scoring of offense variables # 4 and # 7. The Michigan Court of Appeals denied leave to appeal. *People v. Coopshaw*, No. 272289 (Mich. Ct. App. Oct. 6, 2006). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, again challenging the scoring of

offense variables # 4 and # 7. The Michigan Supreme Court denied leave to appeal. *People v. Coopshaw,* No. 132453 (Mich. Jan. 29, 2007).

Petitioner then filed the pending petition for a writ of habeas corpus. He presents the following claim:

> Petitioner Coopshaw was deprived of his Ams. V and XIV rights of due process and his Am. VI right to a fair trial when the sentencing guidelines were scored as to offense variables 4 and 7.

## II.

### A.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The present habeas petition does not present grounds which may establish the violation of a federal constitutional right, therefore, the petition will be denied.

### B.

Petitioner's claim is reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). This Act "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising the question of effective assistance of counsel, as well as other constitutional claims. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003).

Title 28, Section 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429 (6th Cir. 1998). Additionally, this court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1); *see also Cremeans v. Chapleau*, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States

3

Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 410-11.

## C.

As noted, Petitioner claims that he is entitled to habeas corpus relief because the trial court erred in scoring offense variables # 4 and #7.

To the extent that Petitioner challenges the scoring of these offense variables under state law, he is not entitled to relief. "[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review." *Bradshaw v. Richey,* 546 U.S. 74, 76 (2005). "[S]tate courts are the ultimate expositors of state law." *Mullaney v. Wilbur,* 421 U.S. 684, 691 (1975). *See also, Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987) (holding that where petitioner seeks relief on the basis of a trial court's application of state sentencing guidelines, petitioner's claim is not cognizable on habeas review); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (holding that "federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures").

4

Petitioner also cannot prevail on a claim that he is entitled to habeas relief because the trial court increased his sentence in reliance upon facts not presented at the plea or sentencing hearings in violation of the Sixth Amendment and Fourteenth Amendment. *See Blakely v. Washington*, 543 U.S. 296, 303-05 (2004) (state trial court's action in sentencing defendant beyond the statutory maximum of the standard range for his offense based upon judicial finding of deliberate cruelty violated Sixth Amendment right to trial by jury).

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. Michigan has an indeterminate sentencing system for most crimes, including criminal sexual conduct and habitual offender. The maximum term of imprisonment is set by law. Mich. Comp. Laws § 769.8(1); *see also People v. Drohan*, 475 Mich. 140, 160-61 (2006). In *Blakely v. Washington*, 542 U.S. 296 (2004), the Supreme Court addressed indeterminate sentencing systems and held that such systems do not violate the Sixth Amendment. The Court explained:

> [The Sixth Amendment] limits judicial power only to the extent that the claimed judicial power infringes on the province of the jury. Indeterminate sentencing does not do so. It increases judicial discretion, to be sure, but not at the expense of the jury's traditional function of finding the facts essential to lawful imposition of the penalty. Of course indeterminate schemes involve judicial factfinding, in that a judge (like a parole board) may implicitly rule on those facts he deems important to the exercise of his sentencing discretion. But the facts do not pertain to whether the defendant has a legal right to a lesser sentence-and that makes all the difference insofar as judicial impingement upon the traditional role of the jury is concerned. In a system that says the judge may punish burglary with 10 to 40 years, every burglar knows he is risking 40 years in jail. In a system that punishes burglary with a 10-year sentence, with another 30 added for use of a gun, the burglar who enters a home unarmed is entitled to no more than a 10-year sentence-and by reason of the Sixth Amendment the facts bearing upon that entitlement must be found by a jury.

*Blakely*, 542 U.S. at 308-09.

5

Judicial factfinding may not be used to impose a sentence "beyond the prescribed statutory maximum." *Apprendi*, 530 U.S. at 490. In this case, the sentencing court did not impose a sentence beyond the statutory maximum for any of Petitioner's crimes. Therefore, the sentencing scheme did not run afoul of the Sixth Amendment. Because *Blakely* does not apply to indeterminate sentencing schemes like the one utilized in Michigan, the trial court's scoring of the sentencing guidelines did not violate Petitioner's constitutional rights. *See Tironi v. Birkett*, No. 06-1557, 2007 WL 3226198, * 1 (6th Cir. Oct. 26, 2007). ("*Blakely* does not apply to Michigan's indeterminate sentencing scheme."). *Minner v. Vasbinder,* 2007 WL 1469419, * 4 (E.D. Mich. May 21, 2007); *Chatman v. Lafler*, 2007 WL 1308677, *2 (E.D. Mich. May 3, 2007); *Jones v. Bergh*, 2006 WL 1007602, *1-2 (E.D. Mich. April 17, 2006); *George v. Burt*, 2006 WL 156396, *5 (E.D. Mich. Jan. 20, 2006); *Walton v. McKee*, 2005 WL 1343060, *3 (E.D. Mich. June 1, 2005). Petitioner has thus failed to state a claim upon which habeas relief may be granted.

**D.**

The Court next addresses whether Petitioner's claim warrants the issuance of a certificate of appealability. Before Petitioner may appeal the Court's dispositive decision denying his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

"When a habeas applicant seeks permission to initiate appellate review of the dismissal of his petition," a federal court should "limit its examination to a threshold inquiry into the underlying merit of his claims." *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039 (2003). A certificate of

appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDonnell*, 529 U.S. 473, 484 (2000).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. It would be a "rare case" in which a district judge issues a certificate of appealability after summarily dismissing a petition because it plainly appeared from the face of the petition and any exhibits annexed to it that the petitioner was not entitled to habeas relief. *See Alexander v. Harris*, 595 F. 2d 87, 91 (2nd Cir. 1979).

### III.

For the reasons stated, Petitioner has failed to show that he is incarcerated in violation of the Constitution or laws of the United States. Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED.**

Dated:   November 27, 2007                                         s/Paul V. Gadola
                                                                   HONORABLE PAUL V. GADOLA
                                                                   UNITED STATES DISTRICT JUDGE

7

Certificate of Service

I hereby certify that on  November 27, 2007 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: _____ , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:              Eli Coopshaw                              .

                                                    s/Ruth A. Brissaud
                                                  Ruth A. Brissaud, Case Manager
                                                  (810) 341-7845